

SR/JBX:USAO# 2009R00083

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2011 SEP 28

CLERK'S OFFICE
AT BALTIMORE

BY _____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | **CRIMINAL NO.** *ELH-11-0536* |
| **v.** | * | (Mail Fraud Conspiracy, 18 U.S.C. § 1349; |
| | * | Mail Fraud, 18 U.S.C. § 1341; Aiding and |
| **CLYDE LEROY LEWIS, JR.,** | * | Assisting Preparation of False Tax |
| a/k/a "J. R. LEWIS," | * | Returns, 26 U.S.C. § 7206(2); Obstruction |
| | * | of an Official Proceeding, 18 U.S.C. § |
| **Defendant.** | * | 1512(c)(2); Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture.) |
| | * | |

****** *

## INDICTMENT

### COUNT ONE
### (Mail Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

### Background

At all times relevant to this Indictment:

1.  Home Run, Inc. ("Home Run") was an interstate freight hauler based in Xenia, Ohio, with an office located at 100 North Carroll Street in Thurmont, Maryland and a repair shop and garage located in Lewistown, Maryland.

2.  Home Run had at least one employee or contractor in Maryland who maintained the company's trucks and trailers, including working on brakes, suspension, roller doors, headlights, and tail lights.

3.  The defendant, **CLYDE LEROY LEWIS, JR.**, also known as **J. R. LEWIS**, served as Operations Manager of Home Run. **LEWIS** was based in Maryland and his duties included managing Home Run's East Coast operations.

1

4.      In or around May 2004, Home Run purchased trailers from Transportation Specialty's Inc. ("TSI"), a company owned by **Person A**, an individual known to the Grand Jury. **LEWIS** participated in these purchases in his capacity as Home Run's Operations Manager.

### The Conspiracy

5.      From in or about 2006, the exact date being unknown to the Grand Jury, through at least August 2008, in the District of Maryland and elsewhere, the defendant,

### CLYDE LEROY LEWIS, JR.,

did knowingly and willfully conspire, combine, confederate, and agree with **Person A** to commit an offense, that is, mail fraud against Home Run.

### The Object of the Conspiracy

6.      It was the object of the conspiracy that the conspirators created and submitted, or caused to be submitted, over 1,400 false and fraudulent invoices, more or less, to Home Run in the name of TSI claiming in excess of $325,000 in alleged services rendered, in order to enrich themselves through embezzled Home Run corporate funds.

### Manner and Means of the Conspiracy

7.      It was part of the conspiracy that **CLYDE LEROY LEWIS, JR.,** rented Post Office Box #94 in Thurmont, Maryland, over which he maintained control.

8.      It was further a part of the conspiracy that **Person A** created, or caused to be created, invoices reflecting maintenance services that TSI purportedly had provided to Home Run. The invoices listed as TSI's mailing address the post office box in Thurmont, Maryland under **LEWIS's** control.

9.      It was further a part of the conspiracy that the invoices **Person A** created, or caused to be created, were false. In fact, Home Run's own personnel maintained the company's

vehicles.

10.     It was further a part of the conspiracy that **CLYDE LEROY LEWIS, JR.,** used his position as Home Run's Operations Manager to authorize the false TSI invoices for payment.

11.     It was further a part of the conspiracy that **CLYDE LEROY LEWIS, JR.,** grouped several of the false invoices together and had them mailed via Federal Express from Maryland to Home Run's home office in Ohio.  Upon receipt of the false invoices authorized for payment by **LEWIS**, Home Run produced company checks and mailed those checks, via United States Mail, from Ohio to Post Office Box #94 in Thurmont, Maryland.

12.     It was further a part of the conspiracy that **CLYDE LEROY LEWIS, JR.,** retrieved the Home Run payment checks from Post Office Box #94 in Thurmont, Maryland and provided those checks to **Person A**.

13.     It was further a part of the conspiracy that **Person A** caused the Home Run checks to be deposited into TSI's corporate bank account and then transferred funds from that account into his personal bank accounts.

14.     It was a further a part of the conspiracy that **Person A** then wrote, or caused to be written, checks in **LEWIS's** name drawn from one of **Person A's** personal bank accounts.  These checks usually amounted to 60%, more or less, of the funds fraudulently secured by TSI from Home Run through the submission of false invoices.

15.     It was further a part of the conspiracy that once **LEWIS** received checks from **Person A**, he deposited them into his personal bank account.

18 U.S.C. § 1349

## COUNTS TWO THROUGH THIRTEEN
### (Mail Fraud)

The Grand Jury for the District of Maryland further charges:

1.      The allegations of Paragraphs 1 through 4 and of Paragraphs 6 through 15 of Count One are hereby re-alleged and incorporated herein.

### The Scheme to Defraud

2.      Beginning in or about early 2006 and continuing thereafter through at least August 2008, in the District of Maryland and elsewhere, the defendant,

### CLYDE LEROY LEWIS, JR.,

knowingly and willfully devised and intended to devise a scheme and artifice to defraud Home Run, and to obtain money and property from Home Run, namely an amount in excess of $325,000, by means of materially false and fraudulent pretenses, representations, and promises.

### The Mailings

3.      On or about the following dates, in the District of Maryland and elsewhere,

### CLYDE LEROY LEWIS, JR.,

the defendant herein, having devised the above-described scheme and artifice to defraud, for the purpose of executing this scheme and artifice to defraud and attempting to do so, did knowingly and willfully deposit, or cause to be deposited, with Federal Express, a commercial interstate carrier, packages containing false TSI invoice(s), to be sent and delivered by that commercial interstate carrier from Maryland to Home Run's office in Xenia, Ohio, as described below:

| COUNT | DATE | SENDER'S NAME | NUMBER OF FALSE TSI INVOICES (WITH INVOICE #) |
|-------|------|---------------|-----------------------------------------------|
| 2 | April 11, 2006 | J.R. Lewis | 3   (#60441 – #60443) |
| 3 | April 18, 2006 | J.R. Lewis | 1   (#60444) |

4

| 4 | April 25, 2006 | J.R. Lewis | 8 (#60453 – #60460) |
| 5 | May 9, 2006 | J.R. Lewis | 2 (#60478 – #60479) |
| 6 | May 16, 2006 | J.R. Lewis | 3 (#60485, #60486, #60500) |
| 7 | May 23, 2006 | J.R. Lewis | 3 (#60506 – #60508) |
| 8 | July 3, 2007 | J.R. Lewis | 13 (#61214 – #61226) |
| 9 | July 31, 2007 | J.R. Lewis | 12 (#61264 - #61275) |
| 10 | October 2, 2007 | J.R. Lewis | 12 (#61377 - #61388) |
| 11 | October 23, 2007 | J.R. Lewis | 13 (#61414 - #61426) |
| 12 | July 1, 2008 | J.R. Lewis | 1 (#61790) |
| 13 | July 29, 2008 | J.R. Lewis | 11 (#61830 - #61840) |

18 U.S.C. § 1341
18 U.S.C. § 2

5

## COUNTS FOURTEEN THROUGH SIXTEEN
### (Aiding and Assisting Preparation of False Tax Returns)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 4 and Paragraphs 6 through 15 of Count One, and Paragraph 2 of Counts Two through Thirteen, are hereby re-alleged and incorporated herein.

2.     On or about the dates set forth below, in the District of Maryland and elsewhere,

### CLYDE LEROY LEWIS, JR.,

the defendant herein, did knowingly and willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of U.S. Income Tax Returns, Forms 1040, for the taxpayer and tax years specified below, which were fraudulent and false as to material matters, in that the forms and attached schedules contained false information as listed below:

| COUNT | DATE | TAX YEAR | TAX PAYER | FALSE ITEM(S) |
|---|---|---|---|---|
| 14 | March 12, 2007 | 2006 | Clyde Leroy Lewis, Jr. | Line 22, Form 1040: Total income ("$112,278.00") |
| 15 | March 10, 2008 | 2007 | Clyde Leroy Lewis, Jr. | Line 22, Form 1040: Total income ("$90,886.00") |
| 16 | March 16, 2009 | 2008 | Clyde Leroy Lewis, Jr. | Line 22, Form 1040: Total income ("$61,591.00") |

26 U.S.C. § 7206(2)

6

## COUNT SEVENTEEN
### (Obstruction of an Official Proceeding)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 4 and Paragraphs 6 through 15 of Count One, and Paragraph

2 of Counts Two through Thirteen, are hereby re-alleged and incorporated herein.

2.     In or about February 3, 2009, the United States Attorney's Office for the District

of Maryland, the United States Postal Inspection Service, and a federal Grand Jury sitting in

Baltimore, Maryland commenced an investigation concerning **LEWIS's** potentially fraudulent

activities while working at Home Run.

3.     On or about May 10, 2010, **LEWIS** was served with a letter formally notifying

him about this Grand Jury investigation and alerting him to his status as its target.

4.     On or about May 18, 2010, in the District of Maryland, the defendant,

### CLYDE LEROY LEWIS, JR.,

corruptly obstructed, influenced, and impeded, and attempted to corruptly obstruct, influence,

and impede an official proceeding, namely, the Grand Jury's, the United States Attorney's

Office's, and the United States Postal Inspection Service's investigation of the fraud committed

against Home Run, to wit: defendant **LEWIS** voluntarily presented himself to investigators,

including a law enforcement agent from the United States Postal Inspection Service, and falsely

stated (1) that the monies paid to him by **Person A** were commission payments for independent

consulting work **LEWIS** allegedly performed for TSI, when in fact those payments represented

illicit proceeds derived from their fraudulent submission of false and fictitious invoices to Home

Run; and (2) that he had never collected and deposited funds into his personal bank account from

7

Person B, a mechanic who contracted to work on Home Run's vehicles, when in fact **LEWIS**

had charged Person B substantial rent payments to work out of Home Run's Lewistown,

Maryland facility and had personally profited from these payments.


18 U.S.C. § 1512(c)(2)

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1349, as alleged in Count One and incorporated by reference as though fully set forth herein, or of an offense in violation of 18 U.S.C. § 1341, as alleged in Counts Two through Thirteen and incorporated by reference as though fully set forth herein, the defendant,

### CLYDE LEROY LEWIS, JR.,

shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2.     The property to be forfeited includes, but is not limited to, the following:

      a.     A sum of money equal to the value of the proceeds of the scheme to defraud, which amount is at least $325,000 in United States currency.

3.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value;

      e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), including the property listed below:

1.     2007 Ford Mustang Shelby GT500, VIN: 1ZVHT88S275295840;

2.     2008 Nissan Pathfinder S/LE/SE, VIN: 5N1AR18B48C631054;

3.     2008 Harley Davidson FLHTCUI Anniversary – Road/Street, VIN: 1HD1FC4428Y613721.

18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); Rule 32.2(a), F.R.Crim.P.

Rod J. Rosenstein / SR

Rod J. Rosenstein
United States Attorney

A TRUE BILL;

**SIGNATURE REDACTED**

Foreperson

9/28/2011

Date